**CLAUDE E. ATKINS ENTERPRISES, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 92–377 C.**

United States Court of Federal Claims.

Nov. 23, 1992.

Richard D. Corona, San Diego, Cal., for plaintiff.

Arnold M. Auerhan, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen and Thomas W. Petersen, Washington, D.C., for defendant.

## OPINION AND ORDER

TURNER, Judge.

Plaintiff brought this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1988) ("CDA"). Defendant filed a motion to dismiss three of the four counts (Counts I, II and IV) in plaintiff's complaint for lack of jurisdiction because there was neither an actual nor a deemed final decision by the contracting officer when the complaint was filed. For the reasons that follow, defendant's motion to dismiss counts I, II and IV should be denied.

### I

On March 31, 1989, plaintiff entered a contract with defendant to build enlisted personnel housing at Travis Air Force Base in California. Plaintiff completed the work in February 1991.

Between December 16, 1991 and January 17, 1992, plaintiff submitted four claims to the contracting officer. On December 16, 1991, plaintiff submitted its first claim, seeking $18,518.06; this claim is now the subject of count III of the complaint. On December 17, 1991, plaintiff submitted its second claim, seeking $254,566.18; this claim is now the subject of count II of the complaint. On December 20, 1991, plaintiff submitted its third claim, seeking $80,725.78; this claim is now the subject of count I of the complaint. On January 17, 1992, plaintiff submitted its fourth claim, seeking $1,550,378; this claim is now the subject of count IV of the complaint.

Using three similar letters dated February 18, 1992, the contracting officer responded to plaintiff's second, third and fourth claims. The letter related to the second claim says, in part:

> To accommodate the review process and in light of the complexity of the claims already under review, *you should not expect a Final Decision until* November 30, 1992. *If for some reason this date cannot be met, you will be advised.*
>
> Although we acknowledge receipt and have *offered a prediction date* on your claim, *this office in no way warrants that you have properly submitted and certified a claim* meeting the requirements of the Contract Disputes Act.

The letter related to the third claim contained this identical language. The letter related to the fourth claim contained this language except that the specified date was February 28, 1993. By letter dated February 28, 1992, the contracting officer denied plaintiff's first claim. Plaintiff filed this action on May 27, 1992.

### II

Defendant contends that this court lacks jurisdiction over counts I, II and IV of the complaint because there was neither an actual nor a deemed final decision by the contracting officer relating to these claims.

A contracting officer's actual or deemed final decision is indeed a predicate for our jurisdiction under the CDA. Because it is undisputed that there has not been an actual final decision on each of these three claims, the question is whether there has been a deemed final decision. 41 U.S.C. § 605(c)(5) (stating that "any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the

contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim").

The CDA specifies the time within which a contracting officer is to issue a decision on a submitted claim—that is, the "period required" for purposes of § 605(c)(5). A contracting officer must issue a decision on any submitted claim of $50,000 or less within sixty days from his receipt of that claim. 41 U.S.C. § 605(c)(1). If the submitted claim exceeds $50,000, a contracting officer must, within sixty days of his receipt of the claim, either "issue a decision" or "notify the contractor of the time within which a decision will be issued." 41 U.S.C. § 605(c)(2).[1]

Plaintiff contends that the court has jurisdiction because the contracting officer failed to comply with the requirements of 41 U.S.C. § 605(c)(2).[2]

It is undisputed that the February 18, 1992 letters were sent within sixty days of receipt of each of the claims subject to the motion to dismiss; that each of the claims at issue were for amounts exceeding $50,-000; and that none of the specified periods had expired when plaintiff filed its complaint. Hence, the issue is whether the letters notified the plaintiff of the "time within which a decision [would] be issued."

Plaintiff contends that the contracting officer's notice was inadequate because the time within which a decision would be issued was open-ended.[3] Furthermore, plaintiff contends that even if the notice could be read as specifying a particular date, the notice is inadequate because it does not obligate the contracting officer to issue a decision by the specified date.

First, plaintiff objects to the portion of the notice stating that "you should not expect a Final Decision until November 30, 1992 [or February 28, 1993]." Plaintiff relies on *Orbas & Associates v. United States*, 26 Cl.Ct. 647 (1992). In *Orbas*, the court held that a contracting officer's notice that said "you should not expect a final decision prior to 30 June 1990" was inadequate. *Orbas*, 26 Cl.Ct. at 650. In *Orbas*, the court reasoned that the time within which a decision would be issued was open-ended because a fair interpretation of the language was that the contracting officer would issue a decision sometime after June 30. *Id.*

■ The only difference between the language at issue in *Orbas* and this case is the use of the word "until" in this case rather than the words "prior to." Both of these phrases, which have almost identical meanings, lack the requisite certainty.[4] In order to satisfy § 605(c)(2), the contracting officer is required to pinpoint a particular date by which he will issue a final decision. By indicating that a contractor should not expect a decision *until* a particular date, the contracting officer has only carved out a time period within which a decision will not be issued. The date of the intended issuance of the decision remains open-ended. *See also Hogan & Tingey Constr., Inc. v.*

---

1. In addition, a contracting officer must issue a final decision upon submitted claims within a "reasonable time." 41 U.S.C. § 605(c)(3). If a contractor believes that a contracting officer is unduly delaying the issuance of a final decision upon a claim, the contractor may petition the various contract appeals boards to direct the contracting officer to issue a decision within a specified time. 41 U.S.C. § 605(c)(4).

2. Alternatively, plaintiff contends (1) that the contracting officer relied upon an improper factor in deciding to extend the time for issuing a decision, (2) that plaintiff had the option to deem claims denied if the contracting officer did not issue a decision within sixty days regardless of whether the notice was sufficient, and (3) that the court has the discretion to stay the claims until the contracting officer issues a final decision. Because the contracting officer's notices did not comply with 41 U.S.C. § 605(c)(2), the court has no occasion to address plaintiff's alternative assertions.

3. For ease of reference, the three notices at issue will be referred to singularly as "the notice."

4. Among the meanings of the word "until" are "up to the time" and "before." 19 *Oxford English Dictionary* 234 (2d ed. 1989) "Until" certainly could not be construed to mean "any later than." Nor do there appear to be any common usages of the word "until" that are synonymous with the word "on," meaning, among other things, "indicating the day of an occurrence." *Id.;* 10 *Oxford English Dictionary* 794 (2d ed. 1989).

*United States,* No. 92–522, slip op. at 4–5 (Cl.Ct. Nov. 18, 1992) (holding that notice that a final decision should not be expected "prior to" a specified date was insufficient).

Second, plaintiff contends that the contracting officer indicated that he had not committed to the specified dates when he said, "If for some reason this date cannot be met, you will be advised." Plaintiff relies on *Boeing Co. v. United States,* 26 Cl.Ct. 257 (1992). In *Boeing,* the court held that the contracting officer had failed to obligate herself to issue a final decision by a particular date when her notice recited, "I will endeavor to respond to you ... by 13 Mar 92, or if unable to respond by that time, I will advise you by 13 Mar 92 when I will respond." *Boeing,* 26 Cl.Ct. at 259–60. The court reasoned that the language did not obligate the contracting officer to issue a decision by a fixed date but instead only set a date by which some other date would be identified. *Boeing,* 26 Cl.Ct. at 259.

■ Defendant contends that the notice in this case did not suggest that the contracting officer would extend the due date once the initial sixty days passed. In its reply brief defendant says:

> Unlike in *Boeing,* the contracting officer here did not indicate that a revised due date would be established if the specified date could not be met.... Upon being advised that a due date would not be met, a courtesy to Atkins, Atkins could then prepare to promptly deem the claim denied when the due date passed.

Defendant's Reply Brief at 3–4. Defendant then says, "We are not suggesting that the CDA does not authorize a contracting officer to further extend the due date of a final decision; that issue is *not* presented by the facts of this case." Defendant's Reply Brief at 4 n. 2.

Title 41, United States Code, section 605(c)(2) provides:

> A contracting officer shall, within sixty days of receipt of a submitted certified claim over $50,000—
>
> (A) issue a decision; or
>
> (B) notify the contractor of the time within which a decision *will* be issued.

(Emphasis added.) Several Board of Contract Appeals cases have held that the contracting officer is only required to provide a good faith estimate in the initial sixty days and that the contracting officer may revise the due date at some subsequent time outside of the initial sixty days.[5] There are apparently no Court of Claims or Federal Circuit cases, however, that have squarely decided this issue.[6] The structure of § 605(c)(2) shows that the "within sixty days" language applies to subparts (A) and (B). Moreover, the use of the word "will" seems to contradict any good faith exception to subpart (B). Accordingly, although a contracting officer may choose not to treat a further extension of the due date as a deemed decision, § 605(c)(2) permits a contractor to treat the passage of the due date specified in the initial sixty days as a deemed decision even if the contracting officer attempts to further extend the due date.

It follows that any suggestion that the contracting officer may further extend the

---

5. Defendant cites *Robert Augustine & Sons, Inc.,* VABCA No. 3079, 90–1 B.C.A. (CCH) ¶ 22,506, 1989 WL 146843 (1989) and *Schwartz,* VABCA No. 2975, 90–1 B.C.A. (CCH) ¶ 22,518, 1989 WL 156822 (1989) for this proposition. These cases both held that notices were insufficient because they said that an audit must occur before a final decision could be issued. *Robert Augustine & Sons,* 90–1 B.C.A. ¶ 22,506, at 112,972; *Schwartz,* 90–1 B.C.A. ¶ 22,518, at 113,014. Each of these cases, however, suggested that the contracting officer need only provide a good faith estimate of "the time within which a decision will be issued." *Robert Augustine & Sons, Inc.,* 90–1 B.C.A. ¶ 22,506, at 112,972; *Schwartz,* 90–1 B.C.A. ¶ 22,518, at 113,014.

6. In *SCM Corp. v. United States,* 225 Ct.Cl. 647, 647–49 (1980), the Court of Claims said:

> Under the Act, the contracting officer must issue a written decision within sixty days of receipt of a submitted certified claim over $50,000. 41 U.S.C. § 605(c)(2)(A) (Supp. II 1978). This time period can be extended if, *within the sixty days,* the contracting officer notifies the contractor of the additional time within which a decision will be issued.

(Emphasis added.) In *SCM Corp.,* there was no notice at all within the sixty days so that the question of whether the time period could be further extended was not necessarily before the court.

due date indicates a failure by the contracting officer to commit, within the initial sixty days, to a particular due date ("the time within which a decision will be issued"). Despite the defendant's assertion to the contrary, we conclude that the contracting officer's notice suggested that he might further extend the due date after the initial sixty-day period passed. This language indicates that the contracting officer is not committed to the specified date. Moreover, the second paragraph of the notice, which refers to the specified date as a "prediction date," confirms this conclusion.

In sum, the notice does not comply with § 605(c)(2) because the time within which the contracting officer will issue a final decision is left open-ended and, alternatively, because the contracting officer has not committed to issue a decision by the specified dates. Although the contracting officer is not required to parrot the language of § 605(c)(2), he must notify the contractor, with language that is synonymous to the language in the CDA, of the time within which he *will* issue a final decision. If the claim is complex, the contracting officer must choose, within the sixty days, a reasonable due date that he will be able to meet. This provision is not difficult to comply with, and this court has already said in *Orbas* that any needless ambiguities will be read against the government. *See Orbas*, 26 Cl.Ct. at 650.

### III

Based on the foregoing, defendant's motion to dismiss counts I, II and IV of the complaint is DENIED.